

## LIETUVOS RESPUBLIKOS GENERALINĖ PROKURATŪRA
### PROSECUTOR GENERAL'S OFFICE OF THE REPUBLIC OF LITHUANIA

Ms.Mary Ellen Warlow,
Director
Office of International Affairs
U.S. Department of Justice

22 July 2005, our ref. No.: 14.2.- 3105 ( 14. 5 - 304)
*/Please quote when responding/*

RE: REQUEST FOR LEGAL ASSISTANCE IN CRIMINAL CASE NO. 30-1-2653-03

Dear Madam,

The Prosecutor General's Office of the Republic of Lithuania pays its compliments to your office and, following the Treaty on Mutual Legal Assistance in Criminal Matters Between the Government of the United States of America and the Government of the Republic of Lithuania, requests for legal assistance in the following matter.

Please find enclosed a Letter Rogatory from Economic Crime Investigation Division of Criminal Police Crime Investigation Service of Klaipėda City Chief Police Commissariat of the Republic of Lithuania requesting for legal assistance in the criminal case No.30-1-2653-03, and we kindly ask you to commission the competent officers to execute the indicated actions.

If your country's legislation does not forbid it, before interrogating a witness, please explain to the witness his duty to tell everything what he knows in a true way; also, that he will have to approve his testimony by signature.

We guarantee that all evidence collected in the United States of America will be used exclusively for the purposes of the investigation of the criminal case and its judicial proceedings.

We hope that our Request for Legal Assistance will be executed and express our deep gratitude for co-operation in advance. We are ready to provide you with analogous or other legal assistance.

We kindly ask you to forward your answer and collected information to the District Prosecutor's Office of Klaipėda City, at the address: 12 Vilties Str., 91001 Klaipėda City, the Republic of Lithuania, and inform the Prosecutor General's Office of the Republic of Lithuania about the execution of this request (please quote our reference number and the date of this request in your response).

ENCLOSURES: 50 pages

Yours faithfully,

Acting Prosecutor General                                          Mr. Vytautas Barkauskas

By: Ms. R. Požarskienė, prosecutor, tel. No.: +370 52 66 23 54

Translated from Lithuanian by Ms. Rūta Žižytė, a translator of the Prosecutor General's Office of the Republic of Lithuania, who has been warned about the criminal liability for making a false or deliberately misleading translation.

A.Smetonos str. 4, LT-01515 Vilnius, Lithuania    Tel. +370 5 266 23 05    Fax. +370 5 266 23 17
                                                   Tel. +370 5 266 23 60    Fax. +370 5 266 23 86

Translation from Lithuanian language

**KLAIPĖDA GENERAL POLICE COMMISSARIAT**
**CRIMINAL POLICE CRIME INVESTIGATION SERVICE**
**ECONOMIC CRIME INVESTIGATION DIVISION**

ASSIGNMENT OF LEGAL ASSISTANCE                    2005-07-12  Nr. 132-2914/VK2-54
In a criminal case No. 30-1-2653-03
Attn. Legal institutions of the United States of America

Economic Crime Investigation Division of the Criminal Police Crime Investigation Service of Klaipėda General Police Commissariat conducts a pretrial investigation in the criminal case No. 30-1-2653-03 proceeded under evidence of a crime defined in Article 186 Part 1 of the Republic of Lithuania Criminal Code on causing material damage by fraud. No suspects were identified during the investigation.

**Article 186 of the Republic of Lithuanian Criminal Code:**
**Causing material damage by fraud**

1. The one who evades by fraud to pay for work performed, goods received or services rendered or evades to pay compulsory contributions and as a result causes gross material damage to another person,
is punishable by public works or fine, or detention, or imprisonment for a period of up to two years.
2. The one who causes by fraud minor material damage to another person, commits a crime, thus is punishable by public works or fine, or detention, or arrest.
3. A legal entity is also liable for deed acts specified in Part 1 of this Article.
4. A person is liable for deed acts specified in Parts 1 and 2 of this Article only in presence of a complaint of the aggrieved person or an application of his/her legal representative, or an order of a prosecutor.

On 12.12.2003 we received an application of the representative of the company „Transglobal Holdings L.L.C." Romaldas Petravičiaus, personal number ████████ residing at the address Laukininkų g. 1-30, Klaipėda, stating that a private company UAB „Myxum" Klaipėda Branch (company code ████████ registered at the address Klemiškės 2, Sendvaris township, Klaipėda district) fails to apply the contractual undertakings by a delay of a payment for supply of fish to the company „Transglobal Holdings L.L.C." (2530 Chanin Drive Wilmington, Delaware, 19810 USA Country of New Castle; **according to the information of INTERPOL registered at the address: 5960 SYMPHONY WOODS RD STE 310, COLUMBIA MD 21044-3507.** Agent that registered the company - „9274229 WORLDWIDE INCORPORATORS LTD.", registered at the address: 1308 DELAWARE AVENUE, P. O. BOX 7570, New Castle WILMINGTON, State: DE Zip: 19806, telephone number 302-655-4500). UAB „Myxum" has not paid to the company „Transglobal Holdings L.L.C." 133759,38 LLTL (one hundred and thirty-three thousand seven hundred and fifty-nine Litas thirty-eight cents).

During the pretrial investigation it was discovered that on 06.05.2002 there was a contract No. 06-05/2002 for supply of frozen fish concluded between the company „Transglobal Holdings L.L.C.", represented by Belinda Lanyon, and UAB „Myxum", represented by Žilvinas Čapas. An analogous contract No. 06-S/02 was concluded between the above companies on 04.07.2002 as well. During the investigation the former manager of UAB „Myxum" Žilvinas Čapas explained that he has never signed

any contract for supply of raw materials with the company „Transglobal Holdings L.L.C.", because their company was engaged in reproduction of raw produce only. On 22.03.2004 a task to conduct an objective investigation was given and on 26.05.2004 the specialist's findings were received stating that some other person had signed in the name of Žilvinas Čapas in the line „Director Ž.Čapas" in the contracts No. 06-05/2002 dated 06.05.2002 and No. 06-S/02 dated 04.07.2002.

Aiming for a thorough, comprehensive and unbiased investigation of the circumstances of the criminal case, the following actions must be taken in the United States of America:

Examination of a witness - the agent that has registered the company „Transglobal Holdings L.L.C." ("9274229 WORLDWIDE INCORPORATORS LTD.", registered at the address: 1308 DELAWARE AVENUE, P. O. BOX 7570, New Castle WILMINGTON, State: DE Zip: 19806, phone number 302-655-4500), asking the following questions:

1. Where, when, under what circumstance and on whose initiative he made a decision to register the company „Transglobal Holdings L.L.C"? Who were the shareholders of this company? What was the company engaged in?

2. How, where, when, on whose initiative and under what circumstances were the General Powers of Attorney dated 14.02.2002 and 21.07.2003 prepared and who has signed them?

3. Does he know Romaldas Petravičius? If yes, when and how did they meet and what are their relations? Has Belinda Lanyon worked in the company? What was her position? Does he know where she is currently? Was there a contract No. 06-05/2002 dated 06.05.2002 concluded between the companies „Transglobal Holdings L.L.C." and UAB „Myxum" for supply of raw material – frozen fish? If yes, who represented the company UAB „Myxum", under what circumstances was the aforementioned contract signed and who represented „Tansglobal Holdings L.L.C"?

4. Was there a contract No. 06-S/02 concluded on 04.07.2002 between the companies „Transglobal Holdings L.L.C." and UAB „Myxum" for supply of raw material – frozen fish? If yes, who represented the Lithuanian company, under what circumstances was the aforementioned contract signed and who represented the company of USA?

5. Why did the company „Transglobal Holdings L.L.C." need an authorized person, when the contracts have been signed by someone else?

6. Who has signed and sent a letter-claim No. 25-10/02 dated 31.10.2002 to the company „Myxum" regarding failure to make payments? Who and why wrote a notification dated 30.07.2002 and a letter dated 02.12.2002 stating that there are no claims against the company „Myxum"? Who may give explanations about the letters-claims dated 06.07.2002 (No. 06-02) and 19.07.2002, which have been signed by an authorized person of the company „Transglobal Holdings L.L.C." R. Petravičius? Did he have powers to make such claims?

7. Who signed the tripartite contracts No. 06-05/2002 dated 06.05.2002, No. 06-28/2002 dated 28.06.2002 and No. 10-02/2003 dated 10.02.2003? How were these contracts concluded and who was an initiator thereof?

8. Why were all contracts and letters concluded in Russian language?

9. Had a person holding the General Power of attorney give reports on transactions made in the name of the company „Transglobal Holdings L.L.C."? If yes, how often?

Please note during the examination that the list of questions is not comprehensive.


When you define the location of Belinda Lanyon during the examination, please take the samples of her free and experimental handwriting and writing (5 pages each). Please also examine her on the aforementioned questions. If she refuses to give samples for comparative examination in free will, please follow Article 144 of the Republic of Lithuania Criminal Process Code and present the witness a resolution of the prosecutor dated 29.04.2005 to take samples for the comparative examination, if this norm of the criminal process complies with the norms of the United States of America Criminal Process Code. Also, if she voluntarily agrees, please take samples of her free writing and signature (5 pages).

Article 144 of the Republic of Lithuania Criminal Process Code:

**Taking samples for comparative examination**

1. During a pretrial investigation an officer or a prosecutor has the right to take from the suspect samples for a comparative examination. Such samples from an aggrieved or a witness may be taken when it is necessary to verify whether these persons have left imprints in the place of accident or on objects.
2. If a person refuses to give samples for a comparative examination, a prosecutor shall adopt a resolution which is binding to the person concerned.
3. A protocol must be drawn on taking samples for a comparative examination.

**ENCLOSED:**
1. Contracts No. 06-05/2002 dated 06.05.2002 and No. 06-S/02 dated 04.07.2002 (copies)-2 pages.
2. General Powers of Attorney dated 14.02.2002 and 21.07.2003 (copies)-2 pages.
3. Letter-claim No. 06-02 dated 06.07.2002, letter No. 25-10/02 dated 31.10.2002 and letter-claim dated 19.07.2002 (copies)-3 pages.
4. Notification dated 30.07.2002 and letter dated 02.12.2002 (copies)-2 pages.
5. Contracts No. 06-05/2002 dated 06.05.2002, No. 06-28/2002 dated 28.06.2002, No. 10-02/2003 dated 10.02.2003 (copies)-3 pages.
6. Resolution on taking samples for comparative examination dated 29.04.2005.


Head of the Economic Crime Investigation Division          /Signature/   Silvijus Baranauskas
Criminal Police Crime Investigation Service
Klaipėda General Police Commissariat

Prepared by: V. Mockus
+370 46 35 46 71

The text of this document was translated by
Liudvika Urbonavičiūtė, the translator of the Individual Enterprise of D. Petrošienė.
Republic of Lithuania, LT-92128 Klaipėda, Vytauto g. 19/H.Manto g. 1, tel./fax +370 46 400043